UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

RICARDO MURILLO, EFRAIN GARZA,
OCTAVIO GUZMAN, EFRAIN RODRIGUEZ,
JORGE ROMERO, and ORLANDO ROSARIO.

      Plaintiffs,

  v.                                              Civil Action No. \_\_\_-CV-_____

JBS GREEN BAY, INC.,

      Defendant.

---

## NOTICE OF REMOVAL

---

TO:    Clerk of Courts
          U.S. District Court for the E.D. of Wisconsin
          Green Bay Division
          Jefferson Court Building
          125 S. Jefferson St., Rm. 102
          Green Bay, WI 54301-4541

          John A. Vander Leest
          Clerk of Courts
          Brown County Circuit Court
          P.O. Box 23600
          Green Bay, WI 54305-3600

          Ricardo Murillo, Efrain Garza, Octavio Guzman,
          Efrain Rodriguez, Jorge Romero, and Orlando Rosario
          c/o Timothy Maynard, Larry Johnson, and Summer Murshid
          Hawks Quindel, S.C.
          222 East Erie Street, Suite 210
          Milwaukee, WI 53201-0442

PLEASE TAKE NOTICE that Defendant JBS GREEN BAY, INC. ("Defendant"), by and through its undersigned counsel, hereby respectfully removes the above-captioned matter from the State of Wisconsin, Brown County Circuit Court, in which the above-captioned action is now pending, to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1446, and in support thereof states as follows:

## I. Background

1. This action was commenced in the State of Wisconsin, Brown County Circuit Court, by the filing of Plaintiffs' Complaint on May 23, 2016. A copy of the state court pleading is attached hereto and marked as Exhibit A.

2. On June 1, 2016, Defendant was served with a copy of Plaintiffs' Complaint.

3. This action is now pending as Case Number 16-CV-691, in the State of Wisconsin, Brown County Circuit Court, which is in the district for the United States District Court for the Eastern District of Wisconsin.

4. Defendant has not yet pleaded or answered in said State of Wisconsin, Brown County Circuit Court.

## II. Basis for Removal

5. This action is a civil action for damages alleged to have arisen from events or omissions taking place in the State of Wisconsin, Brown County.

6. This action is brought pursuant to Wisconsin wage and hour laws. Specifically, Plaintiffs allege that, for the two year period preceding January 21, 2016, Defendant failed and refused to compensate each of them for overtime wages and quarterly production bonuses.

7. Under 28 U.S.C. § 1332, a district court has diversity jurisdiction over a case if (1) the parties are diverse, and (2) the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs. *See* 28 U.S.C. § 1332. For purposes of 28 U.S.C. §§ 1332 and 1441, a corporation is deemed to be a citizen of the state of incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c). Upon information and belief, Plaintiffs are citizens of Brown County, Wisconsin. (Exhibit A at ¶¶ 6-11). Defendant is a foreign corporation with its principal place of business in Greeley, Colorado. (Exhibit A at ¶ 5). Specifically, Defendant is a Delaware corporation. Therefore, the parties are diverse.

8. A party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction if challenged. *See NLFC, Inc. v. Devcom Mid-American, Inc.*, 45 F.3d 231 (7th Cir. 1995). For cases that involve multiple plaintiffs bringing claims individually, the amount in controversy requirement must be met for each individual plaintiff. *See Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). Here, Defendant can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993) (applying preponderance of evidence standard to allegations of jurisdiction). Thus, the Court should exercise jurisdiction over the matter.

9. In their Complaint, Plaintiffs seek monetary relief consisting of: (1) unpaid quarterly bonuses; (2) overtime; (3) penalties in amount equal to 50% of the unpaid wages under Wis. Stat. § 109.11; and (4) costs, disbursements, expert witness fees, and attorneys' fees. (Exhibit A, pp. 10-11, ¶¶ c-g).

10. Plaintiffs' Complaint does not specify the total amount of monetary damages Plaintiffs seek to recover. Where a monetary judgment is sought but Plaintiffs do not demand a specific sum, Defendant may make a good-faith estimate of the amount in controversy. *See Oshana v. Coca-Cola Company*, 472 F.3d 506, 511 (7th Cir. 2006). Based upon the relief

3

sought, Defendant estimates in good faith that each Plaintiff seeks to recover damages in excess of $75,000. Each Plaintiff seeks unpaid overtime wages for the two year period preceding January 21, 2016, and each Plaintiff has alleged that they "regularly worked in excess of forty hours in given workweeks." (Exhibit A, ¶ 23). In addition, each Plaintiff has alleged that Defendant failed to pay "all quarterly bonuses" earned by each Plaintiff for the two year period preceding January 21, 2016. Moreover, each Plaintiff alleges that they are entitled to recover penalties in an amount equal to 50% of their unpaid wages under Wis. Stat. § 109.11(a)(2), in addition to attorneys fees. Therefore, Defendant reasonably estimates that these damages will exceed $75,000. *See Oshana*, 472 F.3d at 512 (stating that "attorneys' fees up to the time of removal also count toward the jurisdictional amount"); *Rangel v. Patrick Cudahy, LLC*, No. 14–C–799, 2014 WL 6871145, at *1 (E.D. Wis. Dec 5, 2014) (including the penalty for 50% of unpaid wages pursuant to Wis. Stat. § 109.11 when calculating the jurisdictional amount for purposes of removal). A copy of *Rangel v. Patrick Cudahy, LLC*, No. 14–C–799, 2014 WL 6871145 (E.D. Wis. Dec 5, 2014) is attached hereto as Exhibit B.

11. Accordingly, this Court would have had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), had this civil action been instituted in this forum. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) and (b).

12. Defendant has complied with the applicable requirements of 28 U.S.C. § 1446(a) and (b).

13. Concurrent with the filing of this Notice of Removal, Defendant is notifying Plaintiffs' counsel in writing that this case is the subject of a Notice of Removal, and is filing written notice of removal and a copy of this Notice of Removal with the Clerk of the Circuit

4

Court for Brown County, as required by 28 U.S.C. § 1446(d). A copy of that Notice is attached hereto and marked as Exhibit C.

14. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed with this Court within thirty (30) days of the date on which Defendant received notice of the action in state court.

15. Defendant is submitting herewith as Exhibits A and C all relevant and required documents to effectuate removal, in accordance with 28 U.S.C. § 1446(a).

16. Defendant is concurrently herewith paying all requisite filing fees in the United States District Court for the Eastern District of Wisconsin, as well as filing the necessary Civil Cover Sheet, Form WIED-JS 44.

17. By filing this Notice of Removal and removing the above-captioned matter to this Court, Defendant expressly does not waive any available defenses; nor does Defendant admit any of the allegations contained in the Complaint filed by Plaintiffs in Brown County Circuit Court.

WHEREFORE, Defendant requests that the above-captioned suit pending in the State of Wisconsin, Brown County Circuit Court, be removed to this United States District Court for the Eastern District of Wisconsin, that this Court proceed with the handling of the case as if it had been originally filed herein, and that further proceedings in the State of Wisconsin, Brown County Circuit Court action be stayed.

Dated this 20th day of June, 2016.

Respectfully submitted,


   /s/ Joel S. Aziere
-------------------------------
Joel S. Aziere (WI Bar No. 1030823)
jaziere@buelowvetter.com
Brett D. Schnepper (WI Bar No. 1089947)
bschnepper@buelowvetter.com
Buelow Vetter Buikema Olson & Vliet, LLC
20855 Watertown Road, Suite 200
Waukesha, Wisconsin  53186
Telephone: (262) 364-0300
Facsimile: (262) 364-0320

  -and-

W.V. Bernie Siebert
Kelly K. Robinson
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Telephone: (303) 299-8222
Facsimile:  (303) 298-0940
bsiebert@shermanhoward.com
krobinson@shermanhoward.com

Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2016, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing (upon counsel's entry of appearance) to counsel for plaintiffs as well as deposited a true and correct copy in the United States Mail, postage prepaid, to counsel for Plaintiffs addressed as follows:

Timothy Maynard
Larry Johnson
Summer Murshid
Hawks Quindel, S.C.
222 East Erie Street, Suite 210
Milwaukee, WI 53201-0442
Attorneys for Plaintiffs

/s/ Brett D. Schnepper
Joel S. Aziere (WI Bar No. 1030823)
jaziere@buelowvetter.com
Brett D. Schnepper (WI Bar No. 1089947)
bschnepper@buelowvetter.com
Buelow Vetter Buikema Olson & Vliet, LLC
20855 Watertown Road, Suite 200
Waukesha, Wisconsin 53186
Telephone: (262) 364-0300
Facsimile: (262) 364-0320

-and-

W.V. Bernie Siebert
Kelly K. Robinson
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Telephone: (303) 299-8222
Facsimile: (303) 298-0940
bsiebert@shermanhoward.com
krobinson@shermanhoward.com

Attorneys for Defendant